**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| GREATGIGZ SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-00651-ADA |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| LYFT, INC., | § | |
| | § | |
| Defendant. | § | The Honorable Alan D Albright |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

I.     Statement of Facts .................................................................................................. 1

II.    Legal Standard .................................................................................................... 2

III.   Argument ............................................................................................................ 3

   A.   Count I of the Complaint fails to plausibly allege direct infringement and should be
      dismissed.................................................................................................................... 3

     i.    Plaintiff's identification of the "Accused Instrumentalities" fails to put Lyft
        on notice of the allegedly infringing activities ............................................. 3

     ii.   Plaintiff fails to address a number of claim limitations of claim 1 of the '194 Patent ... 6

  B.   Counts II, III, and IV fail to plausibly allege direct infringement and
     should be dismissed ................................................................................................ 9

     i.    Count II of the Complaint ignores limitations of claim 18 of the '086 Patent and
        should be dismissed ..................................................................................... 10

     ii.   Count III of the Complaint ignores limitations of claim 1 of the '864 Patent and
        should be dismissed ..................................................................................... 10

     iii.  Count IV of the Complaint ignores limitations of claim 1 of the '000 Patent and
        should be dismissed ..................................................................................... 11

  C.   Plaintiff's allegations of willful infringement are deficient and should be dismissed...... 12

     i.    The Complaint's allegations of pre-suit willfulness should be dismissed.................. 12

     ii.   The Complaint's allegations of post-Suit willfulness should be dismissed................. 13

IV.    Conclusion ........................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................1, 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................1, 2

*Bowlby v. City of Aberdeen, Miss.*,
   681 F.3d 215 (5th Cir. 2012) .......................................................................................2

*Conley v. Gibson*,
   355 U.S. 41 (1957).......................................................................................................2

*Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)...................................................................................4

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)................. passim

*Flash-Control, LLC v. Intel Corp.*,
   C.A. No 1:19-cv-1107-ADA, No. 35 (W.D. Tex. Oct. 31, 2019) ...........................14

*Hewlett–Packard Co. v. Bausch & Lomb, Inc.*,
   909 F.2d 1464 (Fed.Cir.1990).....................................................................................4

*In re Michlin*,
   45 C.C.P.A. 1028, 256 F.2d 317 (1958) .....................................................................4

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
   No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................14

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
   No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........................8

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)................................................................................2, 9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)
   (Albright, J.)................................................................................. 12-13, 14, 15

*SIPCO, LLC v. Streetline, Inc.*,
   230 F. Supp. 3d 351 (D. Del. 2017)........................................................................3, 6

*Valinge Innovation AB v. Halstead New England Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .....................................13

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 6:19-cv-00254-ADA, No. 52 (W.D. Tex. Aug. 6, 2019) .........................................14

Plaintiff GreatGigz Solutions, LLC ("GreatGigz") filed this lawsuit against Defendant Lyft, Inc. ("Lyft") on July 17, 2020, alleging infringement of U.S. Patent Nos. Nos. 6,662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent") (hereinafter collectively referred to as "the Asserted Patents"), each in a separate count. *See* Dkt. No. 1 ("Complaint") at ¶¶ 50, 65, 81, 96.

GreatGigz's Complaint fails to put Lyft on proper notice of how any Lyft product or service infringe any claim of the four Asserted Patents.  The Complaint identifies disparate components including "servers, hardware, software, and a collection of related and/or linked web pages and mobile applications" that it describes as the "Lyft Accused Instrumentalities," but fails to identify how this concocted system allegedly practices the claimed invention or who is the alleged direct infringer using this instrumentality in an infringing manner.  Complaint at ¶ 46. GreatGigz wholly ignores certain claim limitations from which it can be inferred that there is no evidence of infringement, providing no plausible allegation that Lyft infringes the asserted patents.  Because the Complaint falls well short of the pleading standard set by *Twombly* and *Iqbal*, Lyft moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## I.      STATEMENT OF FACTS

Count I of GreatGigz's Complaint alleges that Lyft directly infringes claim 1 of the '194 Patent, but fails to address a number of claim limitations or plausibly allege how Lyft could practice them.  *See id.* at ¶¶ 47–61.  The allegations in Count I include screenshots of different Lyft applications, support documentation, and third-party articles without an explanation of how those screenshots support GreatGigz's infringement allegations.  *See, e.g.*, Complaint at ¶ 54.

Counts II, III, and IV suffer from the same infirmities—failing to provide sufficient descriptions of how Lyft practices claim 18 of the '086 Patent, claim 1 of the '864 Patent, or claim 1 of the '000 Patent, respectively.  Instead, Counts II, III, and IV make conclusory allegations

that some (but not all) of the claim limitations are met and cite generically to "*See* above" without providing citations to any previous paragraph. *Id*. at ¶¶ 66–74, 82–90, 97–105.

The Complaint also alleges willful infringement of two of the four Asserted Patents: the '194 and the '086 Patents. *Id*. at ¶¶ 59, 76. But the Complaint does not allege that Lyft had knowledge of these patents prior to the filing of this lawsuit, and instead states that Lyft had knowledge of the '194 and the '086 Patents "at least as early as the date it received service of this Original Complaint." *Id*. at ¶¶ 48, 63.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). While a complaint need not allege detailed factual allegations to survive a Rule 12(b)(6) motion, the pleader's obligation to state the grounds of entitled relief requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 218 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Thus, to plead direct infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). To provide notice, a plaintiff must generally do more than assert that the

product infringes the claim; a plaintiff must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements. *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting the motion to dismiss because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products").

As this Court has previously held, a complaint does not meet the required pleading standard where the complaint fails to: (a) identify the actors who practiced each element of the allegedly infringed claim; or to (b) provide any description of how the allegedly infringing products meet all limitations of the allegedly infringed claims. *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").

## III.    ARGUMENT

Plaintiff's claims of direct and willful infringement fail to meet the minimum pleading standards recognized by this Court, the Federal Circuit, and the Supreme Court, and thus should be dismissed in their entirety.

### A. Count I of the Complaint fails to plausibly allege direct infringement and should be dismissed

### i.    Plaintiff's identification of the "Accused Instrumentalities" fails to put Lyft on notice of the allegedly infringing activities

The Complaint's deficiency and lack of clear mapping of the claim limitations to a specific Lyft product makes it impossible to decipher *how* the accused components infringe the asserted patent claims.

GreatGigz alleges in its Complaint that Lyft infringes apparatus claims.[1] To infringe an apparatus claim, the device must meet all of the structural limitations. *See Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed.Cir.1990) ("[A]pparatus claims cover what a device is, not what a device does."); *In re Michlin*, 45 C.C.P.A. 1028, 256 F.2d 317, 320 (1958) ("It is well settled that patentability of apparatus claims must depend upon structural limitations and not upon statements of function."). An apparatus claim is not infringed where the defendant itself does not make an apparatus with all of the structural limitations. *See Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (holding that the manufacturer of the accused device, did not infringe because it "does not itself make an apparatus with the 'interface' portion in contact with bone.").

GreatGigz premises its infringement allegations on a distributed system of its own creation—the "Lyft apparatus"—which requires input from riders, drivers, and Lyft, and which GreatGigz broadly defines to include "servers, hardware, software, and a collection of related and/or linked web pages and Mobile Applications for providing job search and/or recruitment services to individuals (including riders, job seekers, contractors, and employers) in the United States." Complaint at ¶ 46. GreatGigz further alleges that the public-facing aspect of the "Lyft apparatus" include (1) the Lyft website, which is available at www.lyft.com, and (2) the associated Lyft Mobile Application for Riders, and (3) the Lyft Mobile Application for Drivers. *Id*. The Complaint summarily combines these devices together as the "Accused Instrumentalities." *Id*. By comingling various disparate components of the "Accused Instrumentalities"—the Lyft rider application, the Lyft driver application, and servers—together

---

[1] The Complaint accused Lyft of allegedly infringing claim 1 of the '194 Patent (Count I), claim 18 of the '086 Patent (Count II), claim 1 of the '864 Patent (Count III), and claim 1 of the '000 Patent (Count IV).

with unrelated actors—the rider, driver, and Lyft—GreatGigz makes it impossible to decipher who or what allegedly satisfies the claim limitations.

For example, claim 1 of the '194 Patent recites a number of components that allegedly perform certain functions, but does not plausibly allege whether these accused components perform any activity that satisfies the remainder of the claim elements. Claim 1 of the '194 Patent requires a memory device, processing device, and transmitter:

1. "a memory device for storing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job search request,"

2. "a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device is programmed to detect the occurrence of the searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request" and

3. "a transmitter for transmitting the message to a communication device associated with an individual, wherein the message is transmitted to the communication device in real-time"

The Complaint alleges, without support, that the "Lyft Accused Instrumentalities" comprise "data centers housing memory devices, processing devices … and transmitters," but fails to allege whether these components ever perform any of the actions recited in the claims. *See, e.g.*, Complaint at ¶ 55. The Complaint also accuses input from non-Lyft entities—*e.g.*, riders and drivers—for the actions that the "memory device," "processing device," and "transmitter" must perform. For example, the Complaint states that an individual "Independent Contractor" (*i.e.*, driver) can accept or decline a ride request "via the Lyft transmitter," but fails

to provide any explanation for what the alleged "Lyft transmitter" is,[2] why an independent contractor would have a "Lyft transmitter" in his or her possession, and how the alleged Lyft transmitter is related to the accused "Lyft apparatus." *Id*. at ¶ 57.  Merely concocting a term for a non-existent apparatus does not nudge the Complaint past the plausibility threshold in *Iqbal* or *Twombly*.  And, indeed, GreatGigz's conclusory allegation fails to identify any aspect of the "Lyft Accused Instrumentalities" as meeting the claimed "transmitter for transmitting" limitation. Similarly, the Complaint alleged that the "Lyft Accused Instrumentalities comprise a processor, which processes the information concerning the job request in real time, using the ride request information as provided by the employer or hiring entity (i.e., the ride requestor)." *Id*.  Again, GreatGigz's allegations do not identify the claimed "processing device" from the laundry list of components included in GreatGigz's definition of "Lyft Accused Instrumentalities." *See id*. at ¶ 46.

Plaintiff's disconnected attempt to map elements of claim 1 of the '194 Patent to the concocted "Lyft Accused Instrumentalities" fails to provide Lyft with plausible notice of how it infringes.  To sufficiently plead infringement, GreatGigz must do more than make a conclusory assertion that the product infringes the claim. *See SIPCO*, 230 F. Supp. 3d at 353.  Instead, GreatGigz must show how the defendant plausibly infringed by alleging facts connecting the allegedly infringing product to the claim elements. *See id*.  Because the Complaint fails to meet this threshold, Plaintiff's allegations of direct infringement in Count I should be dismissed.

ii.    **Plaintiff fails to address multiple limitations of claim 1 of the '194 Patent**

---

[2] A Google search of hundreds of billions of webpages for "Lyft transmitter" returns exactly one hit which links to GreatGigz's Complaint. *See* https://insight.rpxcorp.com/litigation_documents/13861241.

Plaintiff's allegation that Lyft directly infringes claim 1 of the '194 Patent (Count I) ignores a number of critical claim limitations.  Thus, even if the implausible assertions were taken as true, the Complaint fails to adequately allege direct infringement.

For example, claim 1 of the '194 Patent requires, among other limitations, "a processing device" for (1) detecting a searching event, (2) processing search information, (3) utilizing stored information (regarding a job opening, a position an assignment, a contract, and a project), and (4) generating a message containing that information:

> a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device is programmed to detect the occurrence of the searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request.

*See* Dkt. 1, Exhibit A ('194 Patent) at 41:62–42:7.

For this entire limitation, GreatGigz merely alleges that the "Lyft Accused Instrumentalities" process ride requests and that "[e]ach such request is an advertised job opening, position, assignment, contract, and/or project" that can be accepted or declined.  Complaint at ¶ 57.  The Complaint fails to explain what in the "Lyft Accused Instrumentalities" allegedly (1) detects a searching event, (2) processes the alleged searching event, (3) utilizes stored information regarding a job opening, a position, an assignment, a contract, and a project, or (4) generates a message containing information regarding a job opening, a position, an assignment, a contract, and a project.

Instead of identifying what components of the "Lyft Accused Instrumentalities" satisfy the elements of claim 1 of the '194 Patent, GreatGigz includes a series of screenshots, without any explanation for how those screenshots support its infringement allegations.  *See* Complaint

at ¶¶ 53, 54.  The screenshots alone are wholly insufficient of putting Lyft on notice  of what activities allegedly infringe or how.

This Court recently held that providing only screenshots in a Complaint without an explanation in support of infringement allegation that a defendant infringes an element of a patent claim without explanation is insufficient to pass muster under Fed. R. Civ. P. 12(b)(6).  *See De La Vega*, 2020 WL 3528411, at *6 (dismissing with prejudice).  And other district courts agree that a complaint that merely states in conclusory language that a defendant infringes is not sufficient.  As the District of Delaware has held, "[t]here needs to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so."  *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (emphasis original) adopted by No. 1:17-cv-506-LPS, Dkt. No. 37, slip op. at 1 (D. Del. Jan. 3, 2018) (dismissing complaint).  Accordingly, the screenshots provided in the Complaint do not put Lyft on notice of how the Accused Instrumentalities practice the limitation beginning "a processing device for processing information . . ." of claim 1 of the '194 Patent.

Accordingly, the Complaint, and specifically Count I,  does not meet the required pleading standards because it fails to provide any description of how the allegedly infringing products met multiple limitations of the allegedly infringed claims.  *See De La Vega* 2020 WL 3528411 at *6 ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").  Because it fails to plausibly plead direct infringement, Count I should be dismissed for failure to state a claim upon which relief can be granted.

### B. Counts II, III, and IV fail to plausibly allege direct infringement and should be dismissed

Plaintiff's allegations in Counts II, III, and IV are also deficient and should be dismissed for at least the same reasons discussed in Section III.A.

In Counts II, III, and IV, GreatGigz alleges that Lyft directly infringes claim 18 of the '086 Patent, claim 1 of the '864 Patent, and claim 1 of the '000 Patent, respectively. These Counts largely repeat Plaintiff's allegations from Count I, but omit references to screenshots and hyperlinks that allegedly support its infringement allegations, falling further into the abyss of implausibility. Counts II, III, and IV, repeatedly instruct Lyft to "*see* above," but fail to identify which paragraph(s) or even which section(s) of the Complaint support Plaintiff's unsupported allegations. Complaint at ¶¶ 66–74,[3] 82–90, 97–105. Accordingly, Lyft is forced to guess which arguments, screenshots, and/or hyperlinks apply to Plaintiff's theory of direct infringement for Counts II, III, and IV. GreatgGigz's deficient allegations fail to put Lyft "on notice of what activity is being accused of infringement." *See Nalco*, 883 F.3d at 1350 (internal quotation marks, alterations, and citation omitted).

Further, as with Count I, the allegations in Counts II, III, and IV fail to address a number of claim limitations. *See* Exs. B, C, and D.[4] Because Counts II, III, and IV fail to plausibly state a claim for direct infringement, those counts should be dismissed.

---

[3] Paragraph 74 of the Complaint does include one screenshot and two hyperlinks, without any explanation of how those sources support Plaintiff's infringement allegations as to claim 18 of the '086 Patent. As discussed in Section III.A.i, this Court recently held that providing only screenshots in support of infringement allegation that a defendant infringes an element of a patent claim without explanation does not state a claim on which relief can be granted. *See De La Vega*, 2020 WL 3528411, at *6.

[4] Exhibits B, C, and D contain charts which show the various actors purportedly relevant to each asserted claims in Counts II, III, and IV, respectively, and highlight the lack of factual statements corresponding to the asserted claims/claim elements and such actors.

> **i.      Count II of the Complaint ignores limitations of claim 18 of the '086 Patent and should be dismissed**

Count II alleges direct infringement of claim 18 of the '086 Patent.  Complaint at ¶ 65. But the Complaint fails to allege that "Lyft Accused Instrumentalities" satisfy a number of claim limitations.

For example, the Complaint fails to identify in the "Lyft Accused Instrumentalities" a "processing device [that] utilizes the information regarding an individual . . . regarding a recruitment search request or inquiry."  *See* Dkt. 1, Exhibit B ('086 Patent) at 44:26–30.  The Complaint identifies no information about individuals and is silent with respect to using information about individuals in processing search requests.  Instead, the Complaint merely repeats claim language in conclusory fashion alleging, without support, that the "Lyft Accused Instrumentalities" comprise "a processing device which automatically detects searching events . . . [and] which generates a message containing information regarding the individual."  *See* Complaint at ¶¶ 73, 74.  Count II therefore fails to provide any description of how the allegedly infringing products meet at least this limitation of the allegedly infringed claims, and should be dismissed.  *See De La Vega* 2020 WL 3528411 at *6.

> **ii.     Count III of the Complaint ignores limitations of claim 1 of the '864 Patent and should be dismissed**

Count III alleges direct infringement of claim 1 of the '864 Patent.  Complaint at ¶ 81.  As with Counts I and II, Count III fails to address a number of limitations recited in claim 1 of the '864 Patent.

The Complaint fails to identify in the "Lyft Accused Instrumentalities" a processor "associated with a website, and . . . specially programmed to process or to provide job search information, recruitment information, or recruitment-related information" as recited in claim 1 of the '864 Patent.  *See* Dkt. 1, Exhibit C ('864 Patent) at 42:5–9.  The Complaint again merely

repeats the claim language in conclusory fashion, without support, stating that the "Lyft Accused Instrumentalities" "comprise an apparatus for providing recruitment information . . . compris[ing] a processing device."  *See* Complaint at ¶ 82.  But the Complaint does not allege that the unidentified processor is (1) associated with a website, or (2) "specially programmed to process or to provide job search information, recruitment information, or recruitment-related information."  Similarly, the Complaint is silent as to the final limitation of claim 1 of the '864 Patent, which recites:

> wherein the apparatus processes the information contained in the second request and generates a second message containing information regarding the second request, and further wherein the apparatus transmits the second message to a second communication device, wherein the second communication device is associated with the individual, the independent contractor, the temporary worker, or the freelancer.

*See* Dkt. 1, Exhibit C ('864 Patent) at 42:25–32.

Count III therefore fails to provide any description of how the allegedly infringing products met at least these limitations of the allegedly infringed claims, and should be dismissed. *See De La Vega* 2020 WL 3528411 at *6.

### iii.    Count IV of the Complaint ignores limitations of claim 1 of the '000 Patent and should be dismissed

Count IV alleges direct infringement of claim 1 of the '000 Patent.  Complaint at ¶ 96. But, as with the other counts in the Complaint, Count IV fails to address a number of claim limitations in the identified claim.

For example, Claim 1 of the '000 Patent requires a second request that provides information ***to an employer or hiring entity***:

> processes information contained in a second request, wherein the second request contains information for offering services of the individual, the independent contractor, the temporary worker, or the freelancer, ***to the employer or hiring entity, or contains information for the employer or hiring entity*** reserving or

requesting the services of the individual, the independent contractor, the temporary worker, or the freelancer.

*See* Dkt. 1, Exhibit D ('000 Patent) at 42:32–40 (emphasis added).

For this limitation, the Complaint accuses a ride request sent by a Lyft rider (the alleged hiring entity), stating that "when a user completes a formal Ride Request using the Lyft Accused Instrumentalities, ***the Request comprises a Second Request to engage and obtain the Lyft Independent Contractor*.**"  Complaint at ¶ 105 (emphasis added).  This allegation, however, fails to pass muster even under GreatGigz's flawed interpretation, as the alleged hiring entity (the accused Lyft rider) sends rather than receives the accused ride request.  Accordingly, even under GreatGigz's flawed interpretation, the required "second request" does not exist.  The Complaint therefore fails to allege that the "Lyft Accused Instrumentalities" satisfy this claim limitation, and fails to provide any description of how the allegedly infringing products met at least this limitation of claim 1 of the '000 Patent.  *See De La Vega* 2020 WL 3528411 at *6.

Because Count IV fails to plausibly state a claim for direct infringement, Count IV should be dismissed.

### C. Plaintiff's allegations of willful infringement are deficient and should be dismissed

#### i.      The Complaint's allegations of pre-suit willfulness should be dismissed

To the extent GreatGigz alleges pre-suit willful infringement, such allegations should be dismissed because Plaintiff's allegation failed to plead pre-suit knowledge of any of the Asserted Patents.

The Complaint does not allege that Lyft knew about any of the Asserted Patents before the filing of this lawsuit.  *See* Complaint at ¶¶ 48, 63.  This Court explained the appropriate standard to adequately plead a claim of willful infringement in *Parity Networks*:

To state a claim for willful infringement a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.  Further, a plaintiff should plead willfulness with sufficient articulation of the relevant fact.

*Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (Albright, J.) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).  In contrast to the complaint *Parity Networks*, which "adequately allege[d] that Defendant had knowledge of infringement prior to the filing of the complaint,"  GreatGigz concedes the absence of facts to show such pre-suit knowledge by alleging only that Lyft "has been on actual notice of the ['194 Patent and the '086 Patent] at least as early as the date it received service of this Original Complaint."[5]  Complaint at ¶¶ 48, 63.

Because GreatGigz has not alleged that Defendant "knew of" the '194 and '086 Patents prior to the filing of the lawsuit, Plaintiff failed to allege at least one of the requisite components of willful allegations.  *Parity Networks*, 2019 WL 3940952 at *3 ("a plaintiff must allege facts plausibly showing that *as of the time of the claim's filing*, the accused infringer … knew of the patent-in-suit") (emphasis added); *Valinge*, 2018 WL 2411218 at *13 (granting defendants' motion to dismiss allegations of willful infringement where plaintiff did not plausibly allege that defendants had knowledge of that pates as of the date of the filing of the original complaint). Plaintiff's allegations of willful infringement should therefore be dismissed.

> ii. **The Complaint's allegations of post-suit willfulness should be dismissed**

---

[5] Lyft notes that the Complaint does not allege willful infringement of the '864 or '000 Patents, or that Lyft had knowledge of those patents by any particular date *prior* to the filing of the Complaint.  Accordingly, GreatGigz has not pled willful infringement of the '864 or '000 Patents.

Plaintiff's allegations also do not meet the standard for supporting a claim for willfulness based on post-suit conduct. This Court and others have dismissed claims for enhanced damages where the complaint alleges nothing more than a garden-variety patent case, as GreatGigz has done. *See Flash-Control, LLC v. Intel Corp.*, C.A. No 1:19-cv-1107-ADA, No. 35 (W.D. Tex. Oct. 31, 2019) (dismissing without prejudice allegations regarding post-suit willfulness and citing to its decision in *Parity Networks* as the standard for sufficient allegations); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 6:19-cv-00254-ADA, No. 52 (W.D. Tex. Aug. 6, 2019) (dismissing without prejudice an enhanced damages claim based on willful infringement); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3–4 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim and agreeing that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *see also M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim as the patent claims were "garden-variety").

As discussed above, Plaintiff's only allegation of Lyft's actual knowledge of the patent is by way of the Complaint. Plaintiff's remaining willfulness allegations simply without any additional explanation, that Lyft continues to willfully infringe:

> 59. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '194 Patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '194 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

> 76. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '086 Patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '086 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

Complaint at ¶¶ 59, 76.

The Complaint alleges no facts to support a plausible inference that Lyft knew or should have known that it was purportedly infringing the '194 Patent or the '086 Patent. Nor does Complaint identify any specific "willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful" act on the part of Lyft. In short, the Complaint fails to provide *any* factual support or reasoning for Plaintiff's bald allegations of willful infringement, much less "a sufficient articulation of the relevant facts." *See Parity Networks*, 2019 WL 3940952 at *3.

Because the Complaint fails to plead sufficient factual support for its allegations of willful infringement, Plaintiff's willful infringement allegations are necessarily insufficient and should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court grant its motion and dismiss GreatGigz's Complaint in its entirety for failure to plausibly state a claim for relief.

October 1, 2020                          Respectfully submitted,


                                         By:  */s/ Syed Fareed*                        
                                         Syed Fareed
                                         State Bar No. 24065216
                                         Syed.fareed@bakerbotts.com
                                         Bailey Morgan Watkins *(admitted pro hac vice)*
                                         State Bar No. 24102244
                                         Bailey.watkins@bakerbott.com
                                         **BAKER BOTTS L.L.P.**
                                         98 San Jacinto Boulevard
                                         Austin, Texas 78701
                                         Telephone: (512) 322-2500
                                         Facsimile: (512) 322-2501

                                         Jeremy Taylor *(admitted pro hac vice)*
                                         California Bar No. 249075
                                         jeremy.taylor@bakerbotts.com
                                         Mark Oda *(admitted pro hac vice)*
                                         California Bar No. 323768
                                         mark.oda@bakerbotts.com
                                         **BAKER BOTTS L.L.P.**
                                         101 California St, Suite 3600
                                         San Francisco, CA 94111
                                         Telephone: (415) 291-6200
                                         Facsimile: (415) 291-6300


                                         *Attorneys for Defendant Lyft, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 1, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

*/s/ Syed Fareed*
Syed Fareed