**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| GREATGIGZ SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:20-cv-00651-ADA |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| LYFT, INC., | § | |
| | § | |
| Defendant. | § | The Honorable Alan D Albright |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# **TABLE OF CONTENTS**

I.     Statement of Facts ................................................................................................... 2

II.    Legal Standard ..................................................................................................... 2

III.   Argument ............................................................................................................. 4

  A.  Count I of the FAC fails to plausibly allege direct infringement
and should be dismissed ................................................................................. 4

     i.    Plaintiff's identification of the "Accused Instrumentalities" fails to put Lyft
on notice of the allegedly infringing activities ......................................... 4

     ii.   Plaintiff fails to address multiple limitations of claim 1 of the '194 Patent ................. 7

     iii.  The FAC's numerous screenshots without explanation do not put Lyft on notice of
alleged infringement of claim 1 of the '194 Patent ...................................... 10

  B.  Counts II, III, and IV fail to plausibly allege direct infringement
and should be dismissed ................................................................................. 11

     i.    Count II of the FAC ignores limitations of claim 18 of the '086 Patent
and should be dismissed ........................................................................ 12

     ii.   Count III of the FAC ignores limitations of claim 1 of the '864 Patent
and should be dismissed ........................................................................ 13

     iii.  Count IV of the FAC ignores limitations of claim 1 of the '000 Patent
and should be dismissed ........................................................................ 15

  C.  Plaintiff's allegations of willful infringement are deficient
and should be dismissed ................................................................................. 17

     i.    The FAC's allegations of pre-suit willfulness should be dismissed ........................... 17

     ii.   The FAC's allegations of post-suit willfulness should be dismissed ........................ 18

IV.   Conclusion .......................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................1, 2, 3, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................1, 2, 3, 6

*Bowlby v. City of Aberdeen, Miss.*,
   681 F.3d 215 (5th Cir. 2012) ..................................................................................3

*Conley v. Gibson*,
   355 U.S. 41 (1957)..................................................................................................2

*Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)..............................................................................4-5

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)................. passim

*DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*,
   Civ. No. 1:19-cv-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7, 2020).... 8-9, 10, 12, 13

*Flash-Control, LLC v. Intel Corp.*,
   C.A. No 1:19-cv-1107-ADA, No. 35 (W.D. Tex. Oct. 31, 2019) ...........................18

*Hewlett–Packard Co. v. Bausch & Lomb, Inc.*,
   909 F.2d 1464 (Fed.Cir.1990)................................................................................4

*In re Michlin*,
   256 F.2d 317 (1958)................................................................................................4

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).................................19

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
   No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................19

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
   No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ......................11

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)..............................................................................3

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).................17, 18, 19

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d 351 (D. Del. 2017) .......................................................................3, 7, 9, 13

*Valinge Innovation AB v. Halstead New England Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ...............................17, 18

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 6:19-cv-00254-ADA, No. 52 (W.D. Tex. Aug. 6, 2019) ................................... 18-19

Plaintiff GreatGigz Solutions, LLC ("GreatGigz") filed this lawsuit against Defendant Lyft, Inc. ("Lyft") on July 17, 2020, alleging infringement of U.S. Patent Nos. Nos. 6,662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent") (hereinafter collectively referred to as "the Asserted Patents"), each in a separate count. *See* Dkt. No. 1 ("Original Complaint") at ¶¶ 50, 67, 84, 102. On October 1, 2020, Lyft filed a motion to dismiss Plaintiff's Original Complaint (Dkt. 13) on the basis that GreatGigz had not adequately plead infringement of any of the Asserted Patents. Rather than defend its Original Complaint, GreatGigz filed a First Amended Complaint (Dkt. 18, "FAC") on November 5, 2020.

Unfortunately, GreatGigz's FAC fails to correct the deficiencies of its Original Complaint. Instead, emblematic of its failures throughout the FAC, GreatGigz asserts that Lyft's accused instrumentalities include the website ***www.uber.com*** infringe the claims of the Asserted Patents. These assertions are neither plausible nor probable. More specifically, the FAC fails to put Lyft on adequate notice of how any Lyft product or service infringes any claim of the four Asserted Patents. In Lyft's Motion to Dismiss the Original Complaint, Lyft explained that GreatGigz failed to plausibly allege direct infringement of any claim of the Asserted Patents. Lyft identified at least one claim limitation, and in some cases multiple claim limitations, for which the Original Complaint was entirely silent. But GreatGigz did not – or could not – use its FAC as an opportunity to correct those deficiencies. Instead, GreatGigz adds language parroting the identified claim language, essentially alleging that "your product infringes my patent claim," or simply ignores the deficiencies identified in Lyft's previous Motion to Dismiss the Original Complaint. Neither is satisfactory under *Iqbal/Twombly* and for these reasons, Lyft respectfully requests that this Court dismiss GreatGigz's deficient FAC for failure to state a claim upon which

relief can be granted.  Because the First Amended Complaint falls well short of the pleading standard set by *Twombly* and *Iqbal*, Lyft moves to dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(6).

## I.    STATEMENT OF FACTS

Count I of GreatGigz's FAC alleges that Lyft directly infringes claim 1 of the '194 Patent, but fails to address a number of claim limitations or plausibly allege how Lyft could practice them.  *See* FAC at ¶¶ 47–63.  The allegations in Count I include screenshots of different Lyft applications without an explanation of how those screenshots support GreatGigz's infringement allegations.  *See, e.g.*, *id.* at ¶ 54.

Counts II, III, and IV suffer from the same infirmities—failing to provide sufficient descriptions of how Lyft practices claim 18 of the '086 Patent, claim 1 of the '864 Patent, or claim 1 of the '000 Patent, respectively.  Moreover, Counts II, III, and IV ignore claim limitations and make conclusory allegations that certain claim limitations are met without providing any factual bases.

The FAC also alleges willful infringement of two of the four Asserted Patents: the '194 and the '086 Patents.  *Id.* at ¶¶ 61, 79.  But the FAC does not allege that Lyft had knowledge of these patents prior to the filing of this lawsuit, and instead states that Lyft has been on actual notice of the '194 and the '086 Patents "at least as early as the date it received service of this Original Complaint."  *Id.* at ¶¶ 48, 65.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal

quotations omitted).  While a complaint need not allege detailed factual allegations to survive a Rule 12(b)(6) motion, the pleader's obligation to state the grounds of entitled relief requires "more than labels and conclusions."  *Twombly*, 550 U.S. at 555.

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Thus, to plead direct infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted).  To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; a plaintiff must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements.  *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting the motion to dismiss because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products").

As this Court has previously held, a complaint does not meet the required pleading standard where the complaint fails to: (a) identify the actors who practiced each element of the allegedly infringed claim; or to (b) provide any description of how the allegedly infringing products meet all limitations of the allegedly infringed claims. *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff does not include even a short written description of how the accused instrumentalities

meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").

## III.   ARGUMENT

Plaintiff's claims of direct and willful infringement fail to meet the minimum pleading standards recognized by this Court, the Federal Circuit, and the Supreme Court, and thus should be dismissed in their entirety.

### A.  Count I of the FAC fails to plausibly allege direct infringement and should be dismissed

#### i.    Plaintiff's identification of the "Accused Instrumentalities" fails to put Lyft on notice of the allegedly infringing activities

The FAC's deficiency and failure to identify a specific Lyft product or component for each claim limitations makes it impossible to decipher *how* the accused components infringe the asserted patent claims. *See* Ex. A.[1]

GreatGigz alleges in its FAC that Lyft infringes apparatus claims.[2] To infringe an apparatus claim, the device must meet all of the structural limitations.  *See Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed.Cir.1990) ("[A]pparatus claims cover what a device is, not what a device does."); *In re Michlin*, 256 F.2d 317, 320 (1958) ("It is well settled that patentability of apparatus claims must depend upon structural limitations and not upon statements of function.").  An apparatus claim is not infringed where the defendant itself does not make an apparatus with all of the structural limitations.  *See Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (holding that the manufacturer of the

---

[1] Exhibit A contains a chart which shows the various actors purportedly relevant to each asserted claims in Count I and highlights the lack of factual statements corresponding to the asserted claims/claim elements and such actors.

[2] The Complaint accused Lyft of allegedly infringing claim 1of the '194 Patent (Count I), claim 18 of the '086 Patent (Count II), claim 1 of the '864 Patent (Count III), and claim 1 of the '000 Patent (Count IV).

accused device, did not infringe because it "does not itself make an apparatus with the 'interface' portion in contact with bone.").

GreatGigz premises its infringement allegations on a distributed system of its own creation—the "Lyft apparatus"—which requires input from riders, drivers, and Lyft, and which GreatGigz broadly defines to include "servers, hardware, software, and a collection of related and/or linked web pages and Mobile Applications for providing job search and/or recruitment services to individuals (including riders, job seekers, contractors, and employers) in the United States." FAC at ¶ 46. GreatGigz further alleges that the public-facing aspect of the "Lyft apparatus" include (1) the Lyft website, which is available at www.lyft.com, and (2) the associated Lyft Mobile Application for Riders, and (3) the Lyft Mobile Application for Drivers. *Id.* The FAC summarily combines these devices together as the "Accused Instrumentalities." *Id.* By comingling various disparate components of the "Accused Instrumentalities"—the Lyft rider application, the Lyft driver application, and servers—together with unrelated actors—the rider, driver, and Lyft—GreatGigz makes it impossible to decipher who or what allegedly satisfies the claim limitations.

For example, claim 1 of the '194 Patent recites a number of components that allegedly perform certain functions, but does not plausibly allege whether these accused components perform any activity that satisfies the remainder of the claim elements. Claim 1 of the '194 Patent requires a memory device, processing device, and transmitter:

1. "a memory device for storing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job search request,"

2. "a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device is programmed to detect the occurrence of the searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored

5

in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request" and

3. "a transmitter for transmitting the message to a communication device associated with an individual, wherein the message is transmitted to the communication device in real-time"

*See* Dkt. 1, Exhibit A ('194 Patent) at 41:58–42:11.

The FAC alleges, without support, that the "Accused Instrumentalities" comprise "data centers housing memory devices, processing devices … and transmitters," but fails to allege whether these components ever perform any of the actions recited in the claims. *See, e.g.*, FAC at ¶ 55. The FAC also accuses input from non-Lyft entities—*e.g.*, riders and drivers—for the actions that the "memory device," "processing device," and "transmitter" must perform. For example, the FAC states that an individual "Independent Contractor" (*i.e.*, driver) can accept or decline a ride request "via the Lyft transmitter," but fails to provide any explanation for what the alleged "Lyft transmitter" is,[3] why an independent contractor would have a "Lyft transmitter" in his or her possession, and how the alleged "Lyft transmitter" is related to the accused "Lyft apparatus." *Id.* at ¶ 57. Merely concocting a term for a non-existent apparatus does not nudge the FAC past the plausibility threshold in *Iqbal* or *Twombly*. And, indeed, GreatGigz's conclusory allegation fails to identify any aspect of the "Accused Instrumentalities" as meeting the claimed "transmitter for transmitting" limitation. Similarly, the FAC alleged that the "Accused Instrumentalities" comprise a processor, which "processes the information concerning

---

[3] A Google search of hundreds of billions of webpages for "Lyft transmitter" returns exactly two hits, both of which link to GreatGigz's Complaint or associated exhibits. *See* https://www.courtlistener.com/recap/gov.uscourts.txwd.1102394/gov.uscourts.txwd.1102394.13.1.pdf and
https://www.courtlistener.com/recap/gov.uscourts.txwd.1102394/gov.uscourts.txwd.1102394.18.0.pdf.

the job request in real time (i.e., 'upon a detection of an occurrence of a searching event'), using the ride request information as provided by the employer or hiring entity (i.e., the ride requestor)." *Id*.  Again, GreatGigz's allegations do not identify the claimed "processing device" from the laundry list of components included in GreatGigz's definition of Lyft "Accused Instrumentalities." *See id*. at ¶ 46.

Plaintiff's disconnected attempt to map elements of claim 1 of the '194 Patent to the concocted "Accused Instrumentalities" fails to provide Lyft with plausible notice of how it infringes.  To sufficiently plead infringement, GreatGigz must do more than make a conclusory assertion that the product infringes the claim.  *See SIPCO*, 230 F. Supp. 3d at 353.  Instead, GreatGigz must show how the defendant plausibly infringed by alleging facts connecting the allegedly infringing product to the claim elements.  *See id.*  Because the FAC fails to meet this threshold, Plaintiff's allegations of direct infringement in Count I should be dismissed.

> ### ii.    Plaintiff fails to address multiple limitations of claim 1 of the '194 Patent

Plaintiff's allegation that Lyft directly infringes claim 1 of the '194 Patent (Count I) ignores a number of critical claim limitations.  Thus, even if the implausible assertions were taken as true, the FAC fails to adequately allege direct infringement.

For example, claim 1 of the '194 Patent requires, among other limitations, "a processing device" for (1) detecting a searching event, (2) processing search information, (3) utilizing stored information (regarding a job opening, a position an assignment, a contract, and a project), and (4) generating a message containing that information:

> a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device is programmed to detect the occurrence of the searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, and further wherein the processing device generates a message containing

information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request.

*See* Dkt. 1, Exhibit A ('194 Patent) at 41:62–42:7.

For this limitation, GreatGigz alleges that the "Accused Instrumentalities comprise servers located at data centers across the United States with include processors (i.e., 'processing devices')" and that "such processors are programed to processes [sic] information concerning the job search request in real time (i.e., 'upon detection of an occurrence of a searching event'), using the ride request information as provided by the employer or hiring entity (i.e., the ride requestor)." FAC at ¶ 57. The FAC further alleges that "[e]ach such request is an advertised job opening, position, assignment, contract, and/or project" that can be accepted or declined, "following receipt of a message (which is generated by the processing device and electronically transmitted to the mobile application of the Independent Contractor from the Lyft transmitter) in real-time." *Id.* But, critically, the FAC fails to explain what in the "Accused Instrumentalities" allegedly (1) detects a searching event, (2) processes the alleged searching event, (3) utilizes stored information regarding a job opening, a position, an assignment, a contract, and a project, or (4) generates a message containing information regarding a job opening, a position, an assignment, a contract, and a project.

Moreover, the FAC fails to even allege that the "Accused Instrumentalities" include a processing device that is "programmed to detect the occurrence of the searching event;" the FAC is entirely silent as to this claim limitation. And for the remaining limitations identified above, the FAC merely parrots the claim language without any factual support as reflected in the table below, which is insufficient to plausibly allege infringement. *DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, Civ. No. 1:19-cv-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020) ("'[P]arrot[ing] back the language of the[respective] claim elements and then stat[ing]

that the accused product' meets those limitations . . . amounts to nothing more than stating: 'Your product infringes my patent claim'" and that "[t]here needs to be something set out beyond a legal conclusion—i.e., some facts alleged that show why it is plausible that the products infringe."); *see also SIPCO,* 230 F. Supp. 3d at 353; *see also De La Vega*, WL 3528411 at *6 ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").

| Claim Limitation | Allegations in FAC |
|---|---|
| a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device is programmed to detect the occurrence of the searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request | 57. As described above (see ¶¶ 51-55), the Lyft Accused Instrumentalities comprise servers located at data centers across the United States which include processors (i.e., "processing devices"). On information and belief, such processors are programmed to processes the information concerning the job search request in real-time (i.e., "upon a detection of an occurrence of a searching event"), using the ride request information as provided by the employer or hiring entity (i.e., the ride requestor). Each such request is an advertised job opening, position, assignment, contract, and/or project, which the individual Independent Contractor drivers can accept or decline, following receipt of a message (which is generated by the processing device and electronically transmitted to the mobile application of the Independent Contractor from the Lyft transmitter) in real-time concerning the available assignment via the Lyft Mobile Application for Drivers. |

Because the FAC simply parrots the claim language, the FAC fails to allege any facts that show why it is plausible that the "Accused Instrumentalities" include a processing device with the required structural limitations recited in claim 1 of the '194 Patent.

Further, the FAC fails to allege that the "Accused Instrumentalities" include "a transmitter for transmitting the message to a communication device associated with an individual, wherein the message is transmitted to the communication device in real-time." *See* Dkt. 1, Exhibit A ('194 Patent) at 42:8–11.  The FAC alleges that a "message…is generated by the processing device and electronically transmitted to the mobile application of the Independent Contractor from the Lyft transmitter," but does not identify a component "Accused Instrumentalities" that GreatGigz alleges is the "Lyft transmitter." *See* FAC at ¶ 57; *see supra* Section III.A.i.

Finally, GreatGigz's generic allegation that "the infringing apparatus … directly performs all functionality as claimed" fails to address the numerous gaps in GreatGigz's infringement allegations.  *See* FAC at ¶ 58. Simply alleging that "your product infringes my patent claim" does not meet the plausibility pleading standard for these claim limitations. *See DIFF Scale Operation Research*, 2020 WL 2220031 at *2.

Because Count I of the FAC fails to plausibly plead direct infringement, Count I should be dismissed for failure to state a claim upon which relief can be granted.

### iii.    The FAC's numerous screenshots without explanation do not put Lyft on notice of alleged infringement of claim 1 of the '194 Patent

Instead of identifying what components of the "Accused Instrumentalities" satisfy the elements of claim 1 of the '194 Patent, GreatGigz includes a series of screenshots, without any explanation for how those screenshots support its infringement allegations.  *See* FAC at ¶¶ 53, 54.  The screenshots alone are wholly insufficient of putting Lyft on notice  of what activities allegedly infringe or how.

This Court recently held that providing only screenshots in a complaint without an explanation in support of infringement allegation that a defendant infringes an element of a patent claim without explanation is insufficient to pass muster under Fed. R. Civ. P. 12(b)(6).  *See De*

*La Vega*, 2020 WL 3528411, at *6 (dismissing with prejudice).  And other district courts agree that a FAC that merely states in conclusory language that a defendant infringes is not sufficient. As the District of Delaware has held, "[t]here needs to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (emphasis original) adopted by No. 1:17-cv-506-LPS, Dkt. No. 37, slip op. at 1 (D. Del. Jan. 3, 2018) (dismissing complaint). Accordingly, the screenshots provided in the FAC do not put Lyft on notice of how the Accused Instrumentalities practice the limitation beginning "a processing device for processing information . . ." of claim 1 of the '194 Patent.  Accordingly, the FAC, and specifically Count I, does not meet the required pleading standards because it fails to provide any description of how the allegedly infringing products met multiple limitations of the allegedly infringed claims.  *See, De La Vega* 2020 WL 3528411 at *6.

Because Count I fails to plausibly plead direct infringement, Count I should be dismissed for failure to state a claim upon which relief can be granted.

## B.  Counts II, III, and IV fail to plausibly allege direct infringement and should be dismissed

Plaintiff's allegations in Counts II, III, and IV are also deficient and should be dismissed for at least the same reasons discussed in Section III.A.  Further, as with Count I, the allegations in Counts II, III, and IV fail to address a number of claim limitations.  *See* Exs. B, C, and D.[4] Because Counts II, III, and IV fail to plausibly state a claim for direct infringement, those counts should be dismissed.

---

[4] Exhibits B, C, and D contain charts which show the various actors purportedly relevant to each asserted claims in Counts II, III, and IV, respectively, and highlight the lack of factual statements corresponding to the asserted claims/claim elements and such actors.

i.      **Count II of the FAC ignores limitations of claim 18 of the '086 Patent and should be dismissed**

Count II alleges direct infringement of claim 18 of the '086 Patent.  FAC at ¶ 67.  But the FAC fails to allege that "Accused Instrumentalities" satisfy a number of claim limitations.

First, the FAC fails to allege that the "Accused Instrumentalities" include "a memory device…wherein the memory device stores information regarding a recruitment search request or inquiry." *See* Dkt. 1, Exhibit B ('086 Patent) at 44:5–11. Instead, the FAC simply alleges that "information regarding such search requests are stored in the Lyft memory devices." FAC at ¶ 74. This is yet another example of GreatGigz's simple parroting of claim language without any factual allegations or explanation of how the claim limitation is met in the "Accused Instrumentalities." Such allegations are insufficient to meet the plausibility pleading standard. *See DIFF Scale Operation Research*, 2020 WL 2220031 at *2.

Second, the FAC fails to identify in the "Accused Instrumentalities" a processing device that (1) "processes the information regarding a recruitment search request or inquiry upon a detection of an occurrence of a searching event" or (2) "utilizes the information regarding an individual stored in the memory device in processing the information regarding a recruitment search request or inquiry."  *See* Dkt. 1, Exhibit B ('086 Patent) at 44:12–30.  The FAC is wholly silent as to a "processing device [that] processes the information regarding a recruitment search request or inquiry upon a detection of an occurrence of a searching event." And the FAC merely repeats claim language in conclusory fashion alleging, without support, that the "the Lyft processing device utilizes the information regarding an individual (i.e., the Lyft drivers) stored in the memory device in processing the information regarding a recruitment search request or inquiry." *See* FAC at ¶ 74.  But simply parroting claim language and alleging that "[y]our product

infringes my patent claim" does not meet the plausibility pleading standard for these claim limitations. *See DIFF Scale Operation Research*, 2020 WL 2220031 at *2.

Third, the FAC fails to allege that the "Accused Instrumentalities" include "a transmitter, wherein the transmitter transmits the message to a communication device associated with an employer or hiring entity." *See* Dkt. 1, Exhibit B ('086 Patent) at 44:34–36.  The FAC alleges that a "message is transmitted to the user (employer or hiring entity) via the Lyft Mobile Application or via the Lyft website," but does not identify what component is capable of said transmission. *See* FAC at ¶ 75. And the FAC certainly does not identify "a transmitter" in the "Accused Instrumentalities" that performs this function. *See supra* Section III.A.i.

Finally, as discussed above, GreatGigz's generic allegation that "the infringing apparatus…directly performs all functionality as claimed" fails to address the numerous gaps in GreatGigz's infringement allegations.  *See* FAC at ¶ 76; *see supra* Section III.A.ii.

Count II therefore fails to provide any description of how the allegedly infringing products meet at least this limitation of the allegedly infringed claims, and should be dismissed.  *See SIPCO*, 230 F. Supp. 3d at 353; *De La Vega* 2020 WL 3528411 at *6.

### ii.    Count III of the FAC ignores limitations of claim 1 of the '864 Patent and should be dismissed

Count III alleges direct infringement of claim 1 of the '864 Patent.  FAC at ¶ 84.  As with Counts I and II, Count III fails to address a number of limitations recited in claim 1 of the '864 Patent.

First, the FAC fails to identify in the "Accused Instrumentalities" a processor "associated with a website, and . . . specially programmed to process or to provide job search information, recruitment information, or recruitment-related information" as recited in claim 1 of the '864 Patent.  *See* Dkt. 1, Exhibit C ('864 Patent) at 42:5–9.  The FAC alleges that the "Accused

Instrumentalities" include processors which are "associated with the public-facing elements of the infringing apparatus, including the website at ***www.uber.com*** and related mobile applications." FAC at ¶ 92 (emphasis added).  The FAC then identifies this same processor associated with "the website at ***www.uber.com*** and the related mobile applications" as being "programmed to process the information concerning the job search request in real-time (i.e., "upon a detection of an occurrence of a searching event"), using the ride request information as provided by the employer or hiring entity (i.e., the ride requestor)." *Id*. (emphasis added).  The errors in the FAC reflect the mere cut-and-paste job that GreatGigz undertook here, instead of conducting an adequate pre-suit investigation.  There can be no question that Lyft is not affiliated with "the website at ***www.uber.com*** or the related mobile applications" and certainly does not provide such products. Accordingly, Plaintiff's allegations of infringement of claim 1 of the '864 Patent are beyond implausible.

Second, as with Counts I and II, the FAC fails to allege that the "Accused Instrumentalities" include "a transmitter, wherein the transmitter transmits the first message to the first communication device on, over, or via, the Internet or the World Wide Web." *See* Dkt. 1, Exhibit C ('864 Patent) at 42:17–19.  The FAC alleges that a "such first request is…transmitted by the Lyft transmitter to the first communication device (Lyft mobile application)," but does not identify a component "Accused Instrumentalities" that GreatGigz alleges is the "Lyft transmitter." *See* FAC at ¶ 91; see *supra* Section III.A.i.

Finally, as discussed above, GreatGigz's generic allegation that "the infringing apparatus…directly performs all functionality as claimed" fails to address the numerous gaps in GreatGigz's infringement allegations.  *See* FAC at ¶ 94; *see supra* Section III.A.ii.

Count III therefore fails to provide any description of how the allegedly infringing products met at least these limitations of the allegedly infringed claims, and should be dismissed. *See De La Vega* 2020 WL 3528411 at *6.

### iii.   Count IV of the FAC ignores limitations of claim 1 of the '000 Patent and should be dismissed

Count IV alleges direct infringement of claim 1 of the '000 Patent.  FAC at ¶ 102.  But, as with the other counts in the FAC, Count IV fails to address a number of claim limitations in the identified claim.

First, Claim 1 of the '000 Patent also requires "wherein the ***first request is transmitted from a first communication device*** associated with an employer or hiring entity or associated with an individual, an independent contractor, a temporary worker, or a freelancer." *See* Dkt. 1, Exhibit D ('000 Patent) at 42:16–20 (emphasis added). The FAC, however, states that "***such first request*** is processed and a first message containing Estimated Time and location information is ***transmitted by the Lyft transmitter to the first communication device*** (Lyft mobile application)." FAC at ¶ 109 (emphasis added).  Claim 1 of the '000 Patent requires that the "first request" is transmitted *from* the first communication device, while the FAC alleges the exact opposite – that the "first request" is transmitted *by* the mythical "Lyft transmitter" *to* the first communication device.  This flawed interpretation of the claim makes any allegation of infringement of the '000 Patent implausible.

Second, Claim 1 of the '000 Patent requires a second request that provides information ***to an employer or hiring entity***:

> processes information contained in a second request, wherein the second request contains information for offering services of the individual, the independent contractor, the temporary worker, or the freelancer, ***to the employer or hiring entity, or contains information for the employer or hiring entity*** reserving or requesting the services of the individual, the independent contractor, the temporary worker, or the freelancer.

*See* Dkt. 1, Exhibit D ('000 Patent) at 42:32–40 (emphasis added).

For this limitation, the FAC accuses a ride request sent by a Lyft rider (the alleged hiring entity), stating that "when a user completes a formal Ride Request using the Lyft Accused Instrumentalities, *the Request comprises a Second Request to engage and obtain the Lyft Independent Contractor*." FAC at ¶ 110 (emphasis added). This allegation, however, fails to pass muster even under GreatGigz's flawed interpretation, as the alleged hiring entity (the accused Lyft rider) *sends* rather than *receives* the accused ride request. Accordingly, even under GreatGigz's flawed interpretation, the required "second request" does not exist. The FAC therefore fails to allege that the "Accused Instrumentalities" satisfy this claim limitation, and fails to provide any description of how the allegedly infringing products meet at least this limitation of claim 1 of the '000 Patent. *See De La Vega* 2020 WL 3528411 at *6.

Third, Count IV of the FAC includes the same cut-and-paste job seen in Count III, where GreatGigz alleges that "the website at *www.uber.com* and related mobile applications" are involved in satisfying the claimed requirements. As discussed above, Lyft has no affiliation with "the website at www.uber.com or the related applications" and does not provide or support these products. *See supra* Section III.B.ii.

Fourth, as with Counts I–III, the FAC fails to allege that the "Accused Instrumentalities" include "a transmitter, wherein the transmitter transmits the first message to the first communication device or to a second communication device." *See* Dkt. 1, Exhibit D ('000 Patent) at 42:29–31. The FAC alleges that a "a message…[is] electronically transmitted over the Internet or World Wide Web to the mobile application of the Independent Contractor from the Lyft transmitter," but does not identify a component "Accused Instrumentalities" that GreatGigz alleges is the "Lyft transmitter." *See* FAC at ¶ 109; see *supra* Section III.A.i.

16

Finally, as discussed above, GreatGigz's generic allegation that "the infringing apparatus…directly performs all functionality as claimed" fails to address the numerous gaps in GreatGigz's infringement allegations. *See* FAC at ¶ 111; *see supra* Section III.A.ii.

Because Count IV fails to plausibly state a claim for direct infringement, Count IV should be dismissed.

### C. Plaintiff's allegations of willful infringement are deficient and should be dismissed

#### i. The FAC's allegations of pre-suit willfulness should be dismissed

To the extent GreatGigz alleges pre-suit willful infringement, such allegations should be dismissed because Plaintiff's allegation failed to plead pre-suit knowledge of any of the Asserted Patents.

The FAC does not allege that Lyft knew about any of the Asserted Patents before the filing of this lawsuit. *See* FAC at ¶¶ 48, 61, 65, 79, 97, 114. This Court explained the appropriate standard to adequately plead a claim of willful infringement in *Parity Networks*:

> To state a claim for willful infringement a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent. Further, a plaintiff should plead willfulness with sufficient articulation of the relevant fact.

*Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)) (internal quotations omitted). In contrast to the complaint *Parity Networks*, which "adequately allege[d] that Defendant had knowledge of infringement prior to the filing of the complaint," GreatGigz concedes the absence of any pre-suit knowledge and states that Lyft "has been on actual notice of

the ['194 Patent and the '086 Patent] at least as early as the date it received service of this Original Complaint."[5]  FAC at ¶¶ 48, 65.

Because GreatGigz has not alleged that Defendant "knew of" the '194 and '086 Patents prior to the filing of the lawsuit, Plaintiff failed to allege at least one of the requisite components of willful allegations.  *Parity Networks*, 2019 WL 3940952 at *3 ("a plaintiff must allege facts plausibly showing that *as of the time of the claim's filing*, the accused infringer … knew of the patent-in-suit") (emphasis added); *Valinge*, 2018 WL 2411218 at *13 (granting defendants' motion to dismiss allegations of willful infringement where plaintiff did not plausibly allege that defendants had knowledge of that pates as of the date of the filing of the original complaint).  That the FAC fails to plausibly allege that Lyft "after acquiring that knowledge, it infringed the patent; and . . . in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent" further dooms any allegation of willful infringement.  *See id*.  Plaintiff's allegations of willful infringement should therefore be dismissed.

### ii.    The FAC's allegations of post-suit willfulness should be dismissed

Plaintiff's allegations also do not meet the standard for supporting a claim for willfulness based on post-suit conduct.  This Court and others have dismissed claims for enhanced damages where the complaint alleges nothing more than a garden-variety patent case, as GreatGigz has done.  *See Flash-Control, LLC v. Intel Corp.*, C.A. No 1:19-cv-1107-ADA, No. 35 (W.D. Tex. Oct. 31, 2019) (dismissing without prejudice allegations regarding post-suit willfulness and citing to its decision in *Parity Networks* as the standard for sufficient allegations); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 6:19-cv-00254-ADA, No. 52 (W.D. Tex. Aug. 6, 2019) (dismissing without

---

[5] Lyft notes that the Complaint does not allege willful infringement of the '864 or '000 Patents, or that Lyft had knowledge of those patents by any particular date *prior* to the filing of the Original Complaint.  Accordingly, GreatGigz has not pled willful infringement of the '864 or '000 Patents.

prejudice an enhanced damages claim based on willful infringement); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3–4 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim and agreeing that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *see also M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim as the patent claims were "garden-variety").

As discussed above, Plaintiff's only allegation of Lyft's actual knowledge of the patent is by way of the Original Complaint.  Plaintiff's remaining willfulness allegations simply assert without any additional explanation, that Lyft continues to willfully infringe:

> 61. Defendant has been on notice of its infringement of the '194 Patent at least as early as the date upon it received service of the Original Complaint in this matter. As such, to the extent Defendant continues its infringing activity post-notice, then all such activity is necessarily willful and deliberate.

> 79. Defendant has been on notice of its infringement of the '086 Patent at least as early as the date upon it received service of the Original Complaint in this matter. As such, to the extent Defendant continues its infringing activity post-notice, then all such activity is necessarily willful and deliberate.

FAC at ¶¶ 61, 79.

The FAC alleges no facts to support a plausible inference that Lyft knew or should have known that it was purportedly infringing the '194 Patent or the '086 Patent.  Nor does FAC identify any specific "willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful" act on the part of Lyft.  In short, the FAC fails to provide *any* factual support or reasoning for Plaintiff's bald allegations of willful infringement, much less "a sufficient articulation of the relevant facts."  *See Parity Networks*, 2019 WL 3940952 at *3.

Because the FAC fails to plead sufficient factual support for its allegations of willful infringement, Plaintiff's willful infringement allegations are necessarily insufficient and should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court grant its motion and dismiss GreatGigz's First Amended Complaint in its entirety for failure to plausibly state a claim for relief.

December 16, 2020

Respectfully submitted,


By: */s/ Syed Fareed*
Syed Fareed
State Bar No. 24065216
Syed.fareed@bakerbotts.com
Bailey Morgan Watkins *(admitted pro hac vice)*
State Bar No. 24102244
Bailey.watkins@bakerbott.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard
Austin, Texas 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

Jeremy Taylor *(admitted pro hac vice)*
California Bar No. 249075
jeremy.taylor@bakerbotts.com
Mark Oda *(admitted pro hac vice)*
California Bar No. 323768
mark.oda@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California St, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300


*Attorneys for Defendant Lyft, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 16, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

*/s/ Syed Fareed*
Syed Fareed