UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**LYFT, INC.,**<br><br>Defendant | Case No. 6:20-cv-00651-ADA |

**OPPOSITION TO MOTION TO DISMISS**

Plaintiff GreatGigz Solutions, LLC ("Plaintiff" or "BCS") respectfully submits this Opposition to Defendant Lyft, Inc.'s Motion to Dismiss [Dkt. No. 22] ("Lyft's Motion" or the "Motion").

The Motion raises (and re-raises) a collection of fabricated complaints over the adequacy of Plaintiff's allegations in its amended pleading when, in fact, Defendant has been provided with sufficient notice of Plaintiff's theories of infringement and facts (pre-discovery) supporting same. *See, e.g., Estech Systems, Inc. v. Regus Mgmt. Group, LLC,* 2020 WL 6496426 at *2-3 (E.D. Tex. Aug. 10, 2020) ("the standard envisioned by the Federal Rules is not a high one"). In any event, the First Amended Complaint provides sufficient notice and satisfies *Iqbal's* "plausibility" standard.

**I. LEGAL STANDARD**

In the Fifth Circuit, the "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.

2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting FED. R. CIV. P. 12(b)(6)). "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . . '" *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)) (alteration in original). The plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id*. Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context- specific task that requires the reviewing court to draw on its judicial experience and common sense.").

When deciding motions to dismiss, Federal Rule 15(a) instructs the Court to "freely give leave [to amend] when justice so requires," within the discretion of the Court. FED. R. CIV. P. 15(a)(2); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex. 2019). This Court has interpreted Federal Rule 15(a) to "envince[] a bias in favor of granting leave to amend." *Wapp Tech Ltd. P'ship*, 406 F. Supp. 3d at 593 (quoting *Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Indeed, "district courts

must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend).

## II. THE FIRST AMENDED COMPLAINT PROVIDES NOTICE OF THE ACCUSED INSTRUMENTLITIES

Lyft's Motion argues that the First Amended Complaint "fails to provide notice of what constitutes the accused products." See Motion at 4-10. This argument, like the others in Lyft's Motion, is meritless, as the First Amended Complaint specifically defines the "Accused Products" *See* FAC [Dkt. No. 18] at ¶ 46. This identification of Accused Instrumentalities is unambiguous and direct. There is no ambiguity as to the Accused Instrumentalities, and Lyft knows it. Indeed, Lyft fully recognizes the specific Accused Instrumentalities in its own Motion. *See* Motion at § III. A. (i). The fact that the First Amended Complaint cites directly to multiple web pages describing those Accused Instrumentalities does not negate the sufficiency of the disclosure. Lyft's Motion has no merit and, therefore, should be denied.

## III. THE FIRST AMENDED COMPLAINT SUFFICIENTLY AND PLAUSIBLY ALLEGES DIRECT INFRINGEMENT

Defendant also contends that the First Amended Complaint fails the *Iqbal/Twombly* threshold pleading standard. Lyft is incorrect, as the Amended Complaint specifically alleges facts corresponding to each claim limitation and cites to specific documents detailing the infringing operation of the Accused Instrumentalities. For example, on information and belief, the Amended Complaint specifically alleges how each component of the Accused Instrumentalities infringe Plaintiff's patents. *See, e.g.,* FAC [Dkt. No. 18] at ¶¶ 51-57. Such a recitation of fact is sufficient to provide notice and plausibility, as this Court has found on

previous occasions. *See, e.g., Parity Networks LLC v. Cisco Systems, Inc.,* 2019 WL 3940952 at *2 (W.D. Tex. July 26, 2019).

Further, with respect to Lyft's argument that the Amended Complaint is deficient because it includes specific citations and links to web information (as opposed to appending physical copies of such websites as exhibits to the pleading), Plaintiff points out that such materials were all specifically incorporated by reference into the First Amended Complaint. *See* FAC [Dkt. No. 18] at ¶ 64 and ¶ 82. As such, the information as cited is properly considered as part of the Court's examination of the sufficiency of the pleading. *See Araujo v. E. Mishan & Sons, Inc.,* 2020 WL 5371323 at *3 (S.D.N.Y. Aug. 7, 2020); *see also Uniloc USA v. Motorola Mobility LLC,* 2017 WL 3721064 at *4 (E.D. Tex. 2017) (crediting citations in complaint to documents and videos as proper evidence).

Moreover, the Complaint specifically alleges that the Lyft itself directly infringes the asserted claims by practicing the claimed methods. *See, e.g., id.* at ¶ 58 (in each case: "Each element of the infringing apparatus is, on information and belief, owned and controlled by Defendant …"). Such allegations are sufficient. *Magnacross LLC v. GE MDS LLC,* 2020 WL 6581530 at *4 (D. Del. Nov. 10, 2020) (direct infringement adequately plead when complaint identified accused instrumentality and included allegation that defendant used it in an infringing manner); *see also Frac Shack, Inc. v. AFD Petroleum (Texas) Inc.,* 2019 WL 3818049 at *3 (W.D. Tex. June 13, 2019).

To the extent the Court requires more definite statements of fact relating to direct infringement, Plaintiff states that it will conduct discovery as permitted, and will amend in accordance with the Court's standard practice. *See, e.g., Castlemorton Wireless v. BOSE Corp.,* 2020 WL 6578418 at *5 (W.D. Tex. July 22, 2020).

## IV. THE FIRST AMENDED COMPLAINT ADEQUATELY ALLEGES WILLFUL INFRINGEMENT

Since receiving service of the original complaint, Lyft had notice of the asserted patents. Post *Halo*, the Federal Circuit has clarified that *Seagate* creates "'no rigid rule' that a patentee must seek a preliminary injunction in order to seek enhanced damages." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295-96 (Fed. Cir. 2017) (quoting *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 773-74 (Fed. Cir. 2014)). Indeed, in *Mentor Graphics* the Federal Circuit held that a district court erred when it found that the plaintiff "could not present evidence of post-filing willful infringement because [it] did not seek a preliminary injunction." *Id.* at 1295.

Many decisions, including those from the nearby Eastern District of Texas, have concluded that post-suit knowledge is sufficient to support an allegation of egregious conduct at the pleading stage. *See, e.g.*, *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16- cv-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 43240, at *24 (E.D. Tex. Feb. 20, 2017) ("But *Halo* eliminated *Seagate*, and there is nothing in *Halo* suggesting that pre-suit knowledge is required for willfulness Culpability can arise pre-or post-suit—the scienter requirement is the same in either instance."); *Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729, at *13 (E.D. Tex. Mar. 12, 2017) ("to the extent Cray contends that only pre-complaint intent qualifies for the willfulness scienter requirement, the Court disagrees. Post-complaint knowledge is sufficient under *Halo*."); *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2017 U.S. Dist. LEXIS 97765, at *105 (N.D. Cal. June 22, 2017) ("Accordingly, the Court follows the principles in *Halo* and not any bright line rules created by *Seagate* and its progeny. Thus, Samsung's post-filing conduct alone can serve as the basis of a jury's willfulness finding and an award of enhanced damages."); *DermaFocus LLC v. Ulthera, Inc.*,

201 F. Supp. 3d 465, 473 (D. Del. 2016) ("Under the less rigid standard announced in *Halo*, however, the court will allow plaintiff's general allegations of willful infringement to withstand the motion to dismiss.").

The Federal Circuit, as well as Courts in the Eastern District of Texas have also acknowledged that the patentee does not need to seek a preliminary injunction before seeking a post-filing claim of willful infringement. *See, e.g. Mentor Graphics*, 851 F.3d at 1295 (district court erred when it found that the plaintiff "could not present evidence of post-filing willful infringement because [it] did not seek a preliminary injunction."); *Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 U.S. Dist. LEXIS 124144, at *26 (E.D. Tex. Aug. 19, 2016) ("the Court rejects the VW Defendants' argument that Blitzsafe's claim of post-filing willful infringement should be dismissed because it did not seek a preliminary injunction."); *Nonend Inventions, N.V. v. Apple, Inc.*, No. 2:15-cv-466-JRG-RSP, 2016 U.S. Dist. LEXIS 42246, at *11 (E.D. Tex. Mar. 11, 2016) ("The Court rejects Motorola's argument that a failure to seek a preliminary injunction means that that Nonend's post-filing willfulness claims must be dismissed"). *Halo* has eliminated the bright line tests created by *Seagate*, instead allowing district courts the discretion to "punish the full range of culpable behavior Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test." *Halo*, 136 S. Ct. at 1933-34.

The law in the Eastern District of Texas is that pre-suit knowledge of an asserted patent is not required to state a claim for willful infringement, following the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). *See, e.g.*, *Packet Intelligence LLC v. NetScout Sys.*, No. 2:16-CV-00230-JRG, 2019 U.S. Dist. LEXIS 93710,

at *25-26 (E.D. Tex. June 4, 2019) (Gilstrap, C.J.) ("It is well-settled, at least in this District, that post-[filing] behavior can establish willful infringement.") (emphasis in original); *KIPB LLC v. Samsung Elecs. Co.*, 2:19-CV-00056-JRG-RSP, 2020 U.S. Dist. LEXIS 56736, at *10-12 (E.D. Tex. Mar. 9, 2020) (Payne, M.J.) (denying motion to dismiss a claim of willful infringement because "an allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement.") (internal quotation marks omitted), (quoting *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, 2:16-CV-1032- JRG, 2017 U.S. Dist. LEXIS 221765, at *6 (E.D. Tex. Sept. 22, 2017) (Gilstrap, J.) (denying motion to dismiss a claim for willful infringement because "post complaint knowledge has been found to be sufficient under *Halo* to assert a claim of willfulness.")). The clear directive from the Courts in the Eastern District of Texas. This Court should follow the guidance and experience of the Eastern District of Texas and the Federal Circuit and hold post-filing willfulness claims are recoverable.

Again, following the guidance from the Eastern District of Texas, a sufficient claim of willful infringement is satisfied at the pleading stage when the Plaintiff alleges the Defendant had knowledge of the patents, the Defendant's customers are infringing, and the Defendant encouraged this infringement. *Estech Sys., Inc. v. Target Corp.*, No. 2:20- cv-00123-JRG-RSP, 2020 U.S. LEXIS 209893, at *21 (E.D.Tex. Aug. 27, 2020); *See also Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729, at * 12 (E.D.Tex. Mar. 12, 2017).

Plaintiff has sufficient pled Lyft had post-suit knowledge of the patents and has sufficiently plead willful infringement in light of that knowledge. *See, e.g.,* FAC [Dkt. No. 18] at ¶¶ 60-63. Accordingly, Lyft's Motion should be denied. To the extent the Court

requires more definite statements of fact relating to willful infringement, Plaintiff states that it will conduct discovery as permitted, and will amend in accordance with the Court's standard practice. *See, e.g., Castlemorton Wireless v. BOSE Corp.,* 2020 WL 6578418 at *5 (W.D. Tex. July 22, 2020).

Dated: January 6, 2020                           /s/ M. Scott Fuller

                                                 M. Scott Fuller
                                                 Texas Bar No. 24036607
                                                 sfuller@ghiplaw.com
                                                 Randall T. Garteiser
                                                 Texas Bar No. 24038912
                                                 rgarteiser@ghiplaw.com
                                                 GARTEISER HONEA, PLLC
                                                 119 W. Ferguson Street
                                                 Tyler, Texas 75702
                                                 Telephone: (903) 705-7420
                                                 Facsimile: (903) 405-3999


                                                 Raymond W. Mort, III
                                                 Texas State Bar No. 00791308
                                                 raymort@austinlaw.com
                                                 THE MORT LAW FIRM, PLLC
                                                 100 Congress Ave, Suite 2000
                                                 Austin, Texas 78701
                                                 Tel/Fax: (512) 865-7950


                                                 **ATTORNEYS FOR PLAINTIFF**
                                                 **GREATGIGZ SOLUTIONS, LLC**