**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| GREATGIGZ SOLUTIONS, LLC, | § § § § § § § § § § | |
| Plaintiff, | | Case No. 6:20-cv-00651-ADA |
| v. | | JURY TRIAL DEMANDED |
| LYFT, INC., | | The Honorable Alan D Albright |
| Defendant. | | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

     A.   GreatGigz has not plausibly alleged direct infringement ....................................... 1

          i.   Lyft's arguments regarding GreatGigz's direct infringement
              allegations are unrebutted ............................................................................ 1

          ii.   GreatGigz's blanket allegation that Lyft infringes by "practicing
              the claimed method" fails to meet the pleading standard ........................... 3

          iii.   GreatGigz attributes arguments to Lyft that Lyft never made .................... 5

     B.   Plaintiff has not plausibly alleged willful infringement ........................................ 6

          i.   The Opposition fails to cite any precedent from this Court to
              salvage its allegations of willful infringement ........................................... 6

          ii.   The Opposition fails to defend the sufficiency of its post-suit
              willfulness allegations ................................................................................. 7

III.  CONCLUSION ................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES** Page(s)

*Castlemorton Wireless v. BOSE Corp.*,
  2020 WL 6578418 (W.D. Tex. July 22, 2020) ........................................................................5

*De La Vega v. Microsoft Corp.*,
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............................4

*DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*,
  No. CV 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7, 2020) ..................................4

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
  No. 7:19-CV-00026-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ...............................3

*Magnacross LLC v. GE MDS LLC*,
  No. CV 20-964 (MN), 2020 WL 6581530 (D. Del. Nov. 10, 2020) ........................................3

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ...............................6

*Valinge Innovation AB v. Halstead New England Corp.*,
  No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .......................................6

**I.     INTRODUCTION**

Plaintiff GreatGigz Solutions, LLC ("GreatGigz") filed its Opposition to Lyft's Motion to Dismiss ("Opposition," Dkt. 25) on January 6, 2021 but did little to defend the sufficiency of its First Amended Complaint ("FAC," Dkt. 18).  In fact, GreatGigz's Opposition fails to rebut the vast majority of Defendant Lyft Inc.'s ("Lyft") Motion to Dismiss ("Motion," Dkt. 22).  *See* Exhibit A (highlighting arguments in Lyft's Motion that were unrebutted in the Opposition).

As to direct infringement, GreatGigz fails to address any of the ***fifteen*** different claim limitations across the four Asserted Patents that Lyft identified as insufficiently pled in its Motion. *See infra* Section II.A.i.  Rather than responding to Lyft's arguments, GreatGigz incorrectly attributes arguments to Lyft that Lyft never made and attempts to rebut those made-up arguments. *See infra* Section II.A.iii.  With respect to willful infringement, GreatGigz does not cite a single case from this Court holding that allegations of willful infringement predicated on post-suit knowledge of the asserted patents alone meet the plausibility pleading standard.  *See infra* Section II.B.  Here, too, GreatGigz ignores entire sections of Lyft's Motion and engages in rebuttal of arguments Lyft did not make.  *Id*.

Because GreatGigz's First Amended Complaint fails to plausibly allege infringement of any claim of four Asserted Patents, GreatGigz's FAC should be dismissed.

**II.    ARGUMENT**

    **A.     GreatGigz has not plausibly alleged direct infringement**

        **i.     Lyft's arguments regarding GreatGigz's direct infringement allegations are unrebutted**

Lyft's Motion identifies six claim limitations of the '194 Patent for which the FAC fails to adequately allege infringement.  *See* Motion at 7–10.  Similarly, Lyft identifies four claim limitations that are not adequately pled for the '086 Patent direct infringement allegations (Motion

1


at 12–13), two claim limitations that are not adequately pled for the '864 Patent direct infringement allegations (Motion at 13–15), and three claim limitations that are not adequately pled for the '000 Patent direct infringement allegations (Motion at 15–16). GreatGigz wholly fails to address any of these deficiencies in its Opposition. *See* Motion at 7–16.

Indeed, GreatGigz's Opposition makes no attempt at rebutting Lyft's argument that the FAC fails to plausibly plead that Lyft practices the fifteen identified claim limitations. Instead, GreatGigz argues simply that "on information and belief, the Amended Complaint specifically alleges how each component of the Accused Instrumentalities infringe Plaintiff's patents" and cites the entirety of its direct infringement allegations in the FAC. Opposition at 3 (citing FAC at ¶¶ 51–57). Having said nothing more, GreatGigz effectively concedes that it fails to plausibly plead that the missing claim limitations were practiced by Lyft.

GreatGigz's failure to address or respond to *any* of the arguments Lyft made regarding specific claim limitations illustrates the strength of Lyft's argument that GreatGigz has not adequately pled direct infringement and, as a result of GreatGigz's failure to rebut these arguments, should be accepted as true. *See* Exhibit A at 7–16 (highlighting arguments in Lyft's Motion that were unrebutted in the Opposition). Lyft reiterates its position that the FAC fails to plausibly allege direct infringement of at least the claim elements identified in Lyft's Motion. *See* Motion at 7–16. Accordingly, GreatGigz's allegations of direct infringement should be dismissed.

### ii. GreatGigz's blanket allegation that Lyft infringes by "practicing the claimed method" fails to meet the pleading standard

Contrary to GreatGigz's argument, a blanket allegation that "Lyft itself directly infringes by practicing the claimed method" fails to meet the pleading standard for direct infringement.[1] *See* Opposition at 4. Blanket allegations of infringement do not meet the *Twombly/Iqbal* standard and fail to put Lyft on notice of how the Lyft Accused Instrumentalities allegedly infringe the asserted claims.

Neither of the cases cited by GreatGigz support its proposition that simply alleging that a defendant practices the asserted claim satisfies the plausibility pleading standard. In *Magnacross*, the court held that the Complaint adequately pled direct infringement of a method claim where "Plaintiff [went] through each limitation of claim 1 to show how Defendant's use of the Accused Instrumentality would plausibly result in performance of all the claimed steps." *Magnacross LLC v. GE MDS LLC*, No. CV 20-964 (MN), 2020 WL 6581530, at *4 (D. Del. Nov. 10, 2020). In *Frac Shack*, the court found allegations of direct infringement of a method claim satisfied the *Twombly/Iqbal* standard where Plaintiff (1) provided detailed claim charts showing how the asserted patent was infringed when used to the accused product was used to refuel, (2) alleged that the accused product must have been operated by one of the defendants prior to issuance of the asserted patent and, (3) alleged that the defendants operated the accused product in the same way before and after the issuance of the asserted patent. *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818049, at *3 (W.D. Tex. June 13, 2019). Thus, in both cases, the court declined to dismiss plaintiff's direct infringement allegations based on the

---

[1] Lyft notes that each of the four asserted claims are apparatus claims. Thus, it is not clear what GreatGigz means when it argues that the Complaint alleges that Lyft "practic[es] the claimed method."

3

specific allegations and supporting evidence provided by the plaintiff in the complaint, not because of a blanket allegation that the defendant infringes "by practicing the claimed method" as GreatGigz argues here.  *See* Opposition at 4.

It is well established that a blanket allegation that "your product infringes my patent claim" does not meet the plausibility pleading standard.  *See DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, No. CV 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020), *report and recommendation adopted*, No. CV 19-2109-LPS-CJB, 2020 WL 6867103 (D. Del. Nov. 23, 2020).  "[Th]e patentee cannot meet its obligation to assert a plausible claim of direct infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim limitation, and then flatly stating—without more—that Defendants' accused products have or perform such a limitation."  *Id*.  Yet this is precisely what GreatGigz does in the FAC, alleging that "the infringing apparatus … directly performs all functionality as claimed."  *See* FAC at ¶¶ 58, 76, 94, 111.  This is not sufficient to pass muster under the plausibility pleading standard.

Consistent with that notion, this Court has held that a complaint does not meet the required pleading threshold where the complaint fails to provide a description of how the allegedly infringing products meet all limitations of the allegedly infringed claims.  *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted").  The FAC fails to describe how the Accused Instrumentalities practice a number of claim limitations (*see* Section II.A.i) and GreatGigz's blanket allegation that the Accused Instrumentalities infringe "by practicing the claimed method" cannot cure those deficiencies.

4

Finally, GreatGigz offers that "to the extent the Court requires more definite statements of fact relating to direct infringement, Plaintiff states that it will conduct discovery as permitted, and will amend in accordance with the Court's standard practice" – but this mischaracterizes both plaintiff's obligations and the Court's standard practice. *See* Opposition at 4 (citing *Castlemorton Wireless v. BOSE Corp.*, 2020 WL 6578418 at *5 (W.D. Tex. July 22, 2020). In *Castlemorton*, the Court dismissed plaintiff's allegations of indirect infringement because the complaint failed to plead pre-suit knowledge of the asserted patent but allowed plaintiff, "in accordance with the Court's usual practice," to amend its complaint to include an allegation of pre-suit indirect infringement after discovery begins "if it is able to elicit sufficient facts to support such an allegation." *See Castlemorton*, 2020 WL 6578418, at *5–6. The Court did not "permit amendment" to plaintiff's *direct* infringement allegations through discovery if the plaintiff failed to meet the pleading threshold in the first place. In fact, unlike the present case, the allegations of direct infringement in *Castlemorton* were sufficient in the first instance. *Id*. *Castelmorton* does not stand for the proposition that GreatGigz may provide deficient allegations of direct infringement in its FAC and hope to discover evidence to cement a plausible direct infringement theory during fact discovery.

Because GreatGigz's FAC fails to plausibly allege infringement, GreatGigz's allegations of direct infringement should be dismissed.

### iii.     GreatGigz attributes arguments to Lyft that Lyft never made

Section III of GreatGigz's Opposition attempts to refute an argument that Lyft never made. Specifically, the Opposition alleges that "Lyft's Motion argues that the First Amended Complaint 'fails to provide notice of what constitutes the accused products.'" *See* Opposition at 3 (citing Motion at 4–10, internal quotations in original). This quotation appears nowhere in Lyft's Motion, and GreatGigz's attempt to bolster its position by rebutting arguments not present

5

in Lyft's motion is inexplicable at best. Accordingly, Section III of GreatGigz's Opposition is misplaced and should not be considered.

### B. Plaintiff has not plausibly alleged willful infringement

#### i. The Opposition fails to cite any precedent from this Court to salvage its allegations of willful infringement

This Court has a well-established practice of dismissing allegations of willful infringement where the Complaint fails to allege pre-suit knowledge of the asserted patent. *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)) (internal quotations omitted). GreatGigz's FAC does not allege that Lyft had knowledge of the '194 and '086 Patents prior to GreatGigz's filing of this lawsuit. *See* FAC at ¶¶ 48, 61, 65, 79, 97, 114.[2] Applying this Court's precedent, GreatGigz's allegations of willful infringement should therefore be dismissed.

GreatGigz's Opposition fails to cite even a ***single case*** in this district, much less in Judge Albright's court, that finds allegations of willful infringement premised on post-suit notice of the asserted patent to be sufficient under the notice pleading standard. *See* Opposition at 5–8. Instead, GreatGigz cites non-binding case law from other jurisdictions. *Id*. But nothing in the Opposition counsels in favor of departing from this Court's practice of dismissing willful infringement allegations premised solely on post-suit knowledge of the asserted patent.

Further, GreatGigz appears to attribute yet another argument to Lyft that is simply absent from the Motion. Specifically, GreatGigz relies on irrelevant case law regarding the sufficiency of willful infringement allegations where the plaintiff does not also seek a preliminary injunction.

---

[2] The FAC does not allege willful infringement of the '864 and '000 Patents.

6

Opposition at 6 (stating "Post *Halo*, the Federal Circuit has clarified that *Seagate* creates no rigid rule that a patentee must seek a preliminary injunction in order to seek enhanced damages."). But Lyft did not allege that GreatGigz's willful infringement allegations were deficient because it failed to seek a preliminary injunction. This argument is therefore irrelevant and should not be considered.

Because the FAC fails to allege that Lyft had pre-suit knowledge of the Asserted Patents, and because GreatGigz has not provided any authority in this Court to support its argument that such claims satisfy the plausibility pleading standard, GreatGigz's allegations of pre-suit willful infringement should be dismissed.

### ii. The Opposition fails to defend the sufficiency of its post-suit willfulness allegations

GreatGigz fails to rebut Lyft's argument that GreatGigz's post-suit willfulness allegations should be dismissed because the FAC alleges nothing more than a garden-variety patent case. *See* Motion at 19; *see also* Exhibit A at 19 (highlighting arguments in Lyft's Motion that were unrebutted in the Opposition). Because the FAC fails to provide any factual support or reasoning for GreatGigz's bald allegations of willful infringement, and because GreatGigz failed to rebut Lyft's arguments on this point, GreatGigz's allegations of post-suit willful infringement should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court grant its motion and dismiss GreatGigz's First Amended Complaint in its entirety for failure to plausibly state a claim for relief.

January 20, 2021                    Respectfully submitted,


By: */s/ Syed Fareed*
Syed Fareed
State Bar No. 24065216
Syed.fareed@bakerbotts.com
Bailey Morgan Watkins
State Bar No. 24102244
Bailey.watkins@bakerbott.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard
Austin, Texas 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

Jeremy Taylor *(admitted pro hac vice)*
California Bar No. 249075
jeremy.taylor@bakerbotts.com
Mark Oda *(admitted pro hac vice)*
California Bar No. 323768
mark.oda@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California St, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300


***ATTORNEYS FOR DEFENDANT LYFT, INC***.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 20, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

> */s/ Syed Fareed*
> Syed Fareed